EPHRAIM DOANE *vs.* JONATHAN ELDRIDGE & others.

If a collector of taxes gives a bond with sureties for the collection and the payment to the town and county treasurers of the amount of a tax which has been assessed, and for the collection of which he has received a warrant; and the assessors afterwards reassess and reduce the tax for excess of the overlay, and alter the sums named in the bond accordingly, without the knowledge of the obligors, and deliver no new warrant to the collector; no action can be maintained on the bond.

ACTION OF CONTRACT brought by the plaintiff as treasurer of the town of Harwich on a bond made to him by the defendant Jonathan Eldridge as principal, and by the other defendants as sureties; and submitted to the judgment of the court upon the following facts :

In 1857 the assessors of Harwich assessed a tax, amounting to $2572.82, and delivered a list and warrant for the collection of it to the defendant Eldridge, who was collector of taxes for the town; and thereupon the bond in suit was executed, the condition of which was, that Eldridge should levy and collect the tax according to the warrant, and pay to the county treasurer $200 by the 1st of the following December, to the town

treasurer $1500 on or before the same day, and $872.82 by the 15th of the following January, and should otherwise discharge the duties of collector of taxes for said town.

The assessors afterwards discovered that the assessment was illegal, because the overlay was too large; and, solely to correct that error, reassessed the tax, reducing the amount of it to $2490.01; and, without the knowledge of the defendants, altered the bond accordingly, by changing the sum named as the gross amount to be collected from $2572.82 to $2490.01, and the second sum to be paid to the town treasurer from $872.82 to $790.01. No new list or warrant was ever delivered to the defendant Eldridge after this change in the assessment, and he proceeded to collect the tax.

This action was brought to recover an alleged balance remaining in the hands of Eldridge as collector of taxes, and the bond was declared on in its altered condition.

*G. Marston,* for the plaintiff.

*J. M. Day,* for the defendants.

METCALF, J. The alteration of the bond, after it was executed by the defendants, and without their consent, discharged them from all liability under it. It does not now truly represent the obligation into which they entered. That obligation was, that Jonathan Eldridge should act faithfully as collector of a tax of $2572.82, which had been already assessed. By the alteration of the bond, the obligation which it purported to impose on the defendants was, that the said Eldridge should act faithfully as collector of a tax of $2490.01, which was assessed after the bond was executed. This obligation they never consented to incur.

Suppose the bond had not been altered, or that it should now be regarded, in law, as if not altered, yet the defendants would not be liable under it; for there has been no breach of its condition. Indeed, it is only in its altered state that the plaintiff seeks to enforce it, by showing that its condition has been broken.

On the ground that the bond has been materially altered, without the defendants' consent, and the obligee now seeks to

charge the obligors for breach of a contract into which they never entered — without expressing an opinion upon any other point raised in the defence — there must be

*Judgment for the defendants.*